IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DONNA J. ROBBINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Case No.      CIV-07-472-F |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of the Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

# FINDINGS & RECOMMENDATION
## OF MAGISTRATE JUDGE

Plaintiff brings this action pursuant to 42 U.S.C. §405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying her application for disability insurance benefits (DIB) under 42 U.S.C. §§416(i) and 423. This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B), and for the reasons stated herein, it is recommended that the Commissioner's decision be **REVERSED AND REMANDED for further administrative proceedings** .

### PROCEDURAL HISTORY

Plaintiff protectively filed her application for DIB on May 22, 2000 alleging a disability since May 11, 2000 (TR. 51-54). The application was denied on initial consideration and on reconsideration at the administrative level (TR. 24, 25). Pursuant to the Plaintiff's request, a hearing *de novo* was held before an administrative law judge (ALJ) on February 7, 2002 (TR. 249-296). The Plaintiff appeared in person and with her non-attorney representative and offered her testimony in support of the application (TR. 254-285). A vocational expert (VE) also testified at the request of the ALJ (TR. 285-294). The ALJ issued his decision on June 28, 2002 finding that Plaintiff was disabled from August 26, 1999 through October 2, 2000, and was entitled to DIB, but was not

disabled thereafter (TR. 13-19). The Appeals Council denied the Plaintiff's request for review on July 27, 2004, and thus, the decision of the ALJ became the final decision of the Commissioner (TR. 5-7). Plaintiff appealed the final decision of the Commissioner to this Court in CIV-04-1199-M resulting in a Judgment and Order of Remand entered on August 26, 2005 (TR. 348, 346-347). The Order directed the Commissioner to "reinstate Plaintiff's disability benefits pending the Commissioner's redetermination of Plaintiff's medical improvement..." (TR. 347).

On June 27, 2006, Plaintiff's case proceeded to a second hearing before the same ALJ (TR. 397-433). The Plaintiff appeared in person and with her non-attorney representative and offered her testimony in support of the application (TR. 401-426). A vocational expert (VE) also testified at the request of the ALJ (TR. 427-433). The ALJ issued his decision on December 22, 2006 finding that Plaintiff was disabled from August 26, 1999 through October 2, 2000, and was entitled to DIB, but was not disabled thereafter (TR. 301-310). Plaintiff declined to file a request for review with the Appeals Council, and thus, the decision of the ALJ became the final decision of the Commissioner.

## STANDARD OF REVIEW

The Tenth Circuit case of *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800-801 (10th Cir. 1991), sets forth the standard of review for social security disability cases:

> We must affirm the decision of the Secretary if it is supported by substantial evidence. (*citations omitted*). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." (*citations omitted*). In evaluating the appeal, we neither reweigh the evidence nor substitute our judgment for that of the agency. (*citations_omitted*). We examine the record as a whole, including whatever in the record fairly detracts from the weight of the Secretary's decision and, on that basis, determine if the substantiality of the evidence test has been met. (*citations omitted*). If, however, the correct legal test in weighing the evidence has not been applied, these limitations do not apply, and such failure constitutes grounds for reversal. (*citations omitted*).

Further, the Tenth Circuit has stated that "[a] finding of no substantial evidence will be found only where there is a conspicuous absence of credible choices or no contrary medical evidence." *Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) (*citations omitted*).

### DISCUSSION & FINDINGS

In addressing the Plaintiff's disability application the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §404.1520. At step one, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date, so the process continued (TR. 305). At step two, the ALJ concluded that Plaintiff had severe impairments due to "myoneural disorders and right carpal tunnel syndrome, epicondylitis" (TR. 305). At step three, the ALJ found that the Plaintiff did not have an impairment or combination of impairments which meets or equals any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 305). At step four, the ALJ found that Plaintiff lacked the residual functional capacity (RFC) to perform her past relevant work (PRW) (TR. 309). At the point that step five is reached, a disability preventing prior work activity has been shown and the burden shifts to the Commissioner to show that the claimant retains the ability to perform an alternative work activity which exists in the national economy. *Sorenson v. Bowen*, 888 F.2d 706, 710 (10th Cir. 1989); *Ray v. Bowen*, 865 F.2d 222, 224 (10th Cir. 1989). The ALJ used Medical Vocational Rule 202.18 as a framework for decision making and relied on the testimony of the VE in determining that Plaintiff was not disabled within the meaning of the Social Security Act after October 2, 2000, and was therefore not entitled to DIB (TR. 309-310).

On appeal to this Court, Plaintiff alleges that (I) the ALJ erred in failing to properly evaluate the opinions of Plaintiff's treating physicians, Drs. Lewellen and Bridwell; that (II) the ALJ erred in finding that Plaintiff experienced medical improvement related to her ability to work such that she ceased to be disabled on October 3, 2000; and that (III) the ALJ erred in his analysis of Plaintiff's credibility.

# I. & II.

Plaintiff argues that the ALJ erred in failing to properly evaluate the opinions of her treating physicians, Drs. Lewellen and Bridwell (See Plaintiff's Brief at pages 23-26). In *Goatcher v. United States Dep't of Health & Human Services*, 52 F.3d 288 (10th Cir. 1995), the Tenth Circuit outlined factors which the ALJ must consider in determining the appropriate weight to give a medical opinion.

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Id.* at 290; 20 C.F.R. § 404.1527(d)(2)-(6). If an ALJ disregards a treating physician's opinion, he must set forth "specific, legitimate reasons" for doing so.  *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984).

In his decision the ALJ provided a detailed and thorough review of the medical evidence (TR. 23-25).   However, as to Malcom Bridwell, M.D., the ALJ appears to have ignored without explanation his finding from January 2002 that Plaintiff had limited use of her hands for grasping and fingering; that she could not sit for more than four hours during an 8-hour workday; that she could not stand for more than two hours in an 8-hour workday, nor could she lift or carry more than five pounds (TR. 228, 227).   Plaintiff testified at the February 2002 hearing that she had been treated by Dr. Bridwell for "about the last five years" (TR. 253).

The ALJ mentioned many of the findings of Plaintiff's treating physician, Samantha Lewellen, M.D., in his decision (TR. 309). He included Dr. Lewellen's findings from October 2002 that Plaintiff could continuously sit for two hours; could stand for 45 minutes; and could sit/stand/walk for about 4 hours in an 8-hour workday (TR. 309, 241). The ALJ ignored Dr. Lewellen's opinion that Plaintiff

"could not perform any duties requiring use of arms because of the severity of pain, weakness and atrophy" (TR. 241). The ALJ also ignored Dr. Lewellen's findings in May 2006 that Plaintiff was unable to functionally lift any weight; and that she could not complete a normal workweek without an unreasonable number and length of rest periods (TR. 382).  Although the ALJ appears to have included some of Dr. Lewellen's findings in his decision he failed to offer any explanation as to why they were not included in Plaintiff's RFC (TR. 308-309).

Thus, it appears that the ALJ improperly ignored and/or rejected these opinions of Plaintiff's treating physicians, Drs. Bridwell and Lewellen.  On remand, the Commissioner should re-evaluate these opinions and if the opinions are ignored and/or rejected, then the ALJ must set forth in the decision specific, legitimate reasons for doing so. The ALJ's failure to properly consider the opinions of Plaintiff's treating physicians serves to taint the ALJ's RFC finding and his analysis under the medical improvement test which the undersigned finds is not supported by substantial evidence in the absence of a thorough consideration of those opinions. See 20 C.F.R. § 404.1594(c)(2).

## III.

Plaintiff also argues on appeal that the ALJ erred in his assessment of Plaintiff's credibility (See Plaintiff's Brief at pages 26-29). The legal standards for evaluating pain and credibility are outlined in 20 C.F.R. §§ 404.1529(c), 416.929 and SSR 96-7p, and were addressed by the Tenth Circuit Court of Appeals in *Luna v. Bowen*, 834 F.2d 161 (10th Cir. 1987). First, the asserted pain-producing impairment must be supported by objective medical evidence. *Id.* At 163. Second, assuming all the allegations of pain as true, a claimant must establish a nexus between the impairment and the alleged pain.  "The impairment or abnormality must be one which `could reasonably be expected to produce' the alleged pain."  *Id.*  Third, the decision maker, considering all of the medical data presented and any objective or subjective indications of the pain, must assess the claimant's credibility.

[I]f an impairment is reasonably expected to produce some pain,

> allegations of disabling pain emanating from that impairment are
> sufficiently consistent to require consideration of all relevant
> evidence.

*Id.* at 164.   In assessing the credibility of a claimant's complaints of pain, the following factors may

be considered.

> [T]he levels of medication and their effectiveness, the extensiveness
> of the attempts (medical or nonmedical) to obtain relief, the
> frequency of medical contacts, the nature of daily activities,
> subjective measures of credibility that are peculiarly within the
> judgment of the ALJ, the motivation of and relationship between the
> claimant and other witnesses, and the consistency or compatibility of
> nonmedical testimony with objective medical evidence.

*Hargis v. Sullivan*, 945 F.2d 1482, 1488 (10th Cir. 1991).   *See also Luna*, 834 F.2d at 165 ("The

Secretary has also noted several factors for consideration including the claimant's daily activities,

and the dosage, effectiveness, and side effects of medication.").

In *Kepler v. Chater*, 68 F.3d 387, (10th Cir. 1995), the Tenth Circuit determined that an ALJ

must discuss a Plaintiff's complaints of pain, in accordance with *Luna*, and provide the reasoning

which supports the decision as opposed to mere conclusions.   *Id.* at 390-91.

> Though the ALJ listed some of these [Luna] factors, he did not
> explain why the specific evidence relevant to each factor led him to
> conclude claimant's subjective complaints were not credible.

*Id.* at 391. *Kepler* does not require a formalistic factor-by-factor recitation of the evidence. *Qualls v.*

*Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000). So long as the ALJ sets forth the specific evidence he

relies on in evaluating the claimant's credibility, the dictates of *Kepler* are satisfied.   *Id* at 1372.

In this case, the ALJ did offer a meager discussion of Plaintiff's credibility (TR. 308-309).

(TR. 16).  Clearly, a more detailed analysis is required.  The ALJ ignores the analysis required by

*Kepler* and neglects to discuss the levels of Plaintiff's medication and their effectiveness, the

extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical

contacts, and the consistency or compatibility of nonmedical testimony with objective medical

evidence.

The ALJ's credibility analysis is insufficient according to *Kepler*. On remand, the Commissioner should analyze Plaintiff's credibility in accordance with *Luna* and *Kepler*, making express findings and citing specific evidence in the record which relates to Plaintiff's credibility.

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the decision of the Commissioner is not supported by substantial evidence and should be **REVERSED AND REMANDED for further administrative proceedings**. The parties are advised of their right to object to these findings and recommendation within twenty (20) days of the date of the filing hereof, in accordance with 28 U.S.C. §636 and Local Court Rule 72.1 (a). The parties are further advised that failure to make timely objection to these findings and recommendation waives their right to appeal from a judgment of the district court based upon these findings and recommendation. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

The foregoing Findings and Recommendation disposes of all issues referred to the undersigned magistrate judge in the above captioned matter.

ENTERED this the 23rd day of June, 2008.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE